**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**XIDI LIN #A249-140-973** | **CASE NO. 3:26-CV-04775 SEC P**

**VERSUS** | **JUDGE TERRY A. DOUGHTY**

**WARDEN JACKSON PARISH CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE LEBLANC**

# MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") [Doc. No. 2] and a Motion for Expedited Hearing and Briefing [Doc. No. 3] filed by Petitioner, Xidi Lin ("Petitioner").

After careful consideration of Petitioner's filings and the applicable law, both Motions are **DENIED**.

## I. Background

Petitioner unlawfully entered the United States near Dulzura, California on or about December 8, 2024.[1] Petitioner, proceeding *pro se*, declared that he has been continuously detained since December 8, 2024.[2] He is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Jackson Parish Correctional Center in Jonesboro, Louisiana.

## II. Standard of Review

A TRO is an equitable remedy that may be granted only if the movant satisfies all four prongs of a four-part test:

---

[1] [Doc. No. 1-2, p. 1].
[2] [Doc. No. 1, p. 6]; [Doc. No. 1-2, p. 1].

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.

*Sunbeam Prods., Inc. v. West Bend Co.*, 123 F.3d 246, 250 (5th Cir. 2020). The TRO is an "extraordinary remedy which courts grant only if the movant has clearly carried the burden as to all four elements." *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003) (citing *Kern River Gas Transmission, Co. v. Coastal Corp.*, 899 F.2d 1458, 1462 (5th Cir. 1990)).

The Court also recognizes that the pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x 969, 972 (5th Cir. 2021) (unpublished) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs and petitioners must, however, "plead factual allegations that raise the right to relief above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). Even so, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7).

## III. Law & Analysis

Petitioner argues, "the Second Circuit has ruled that a person in circumstances like mine, who entered without inspection and was later arrested in the interior, is

governed by 8 U.S.C. § 1226(a), which allows release on bond, rather than mandatory detention under 8 U.S.C. § 1225(b)(2)(A)."[3] By way of relief, Petitioner "asks the Court to enter a temporary [restraining] order directing Respondents to cease treating him as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and to provide him, within seventy-two (72) hours . . . an individualized bond hearing under 8 U.S.C. § 1226(a)."[4]

For a few reasons, this Court finds Petitioner's arguments unpersuasive. First, Petitioner entered the United States unlawfully so, per binding Fifth Circuit precedent, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). When § 1225(b)(2)(A) applies, it "require[s] detention without eligibility for bond." *Id.* Petitioner is correct that the Second Circuit interpreted the statutory text differently.[5] However, this Court is obligated to follow Fifth Circuit precedent when, as here, it applies. Second, to the extent that Petitioner's Fifth Amendment procedural due process claims from his habeas petition are raised in his Motion for Temporary Restraining Order, they are denied.[6] Petitioner argues, "The Fifth Amendment requires a meaningful, individualized custody determination." This argument is also foreclosed by squarely applicable Fifth Circuit precedent. *See Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23,

---

[3] [Doc. No. 1-2, p. 2].
[4] [Doc. No. 2, p. 1].
[5] [Doc. No. 1-2, p. 2]. *See also Barbosa da Cunha v. Freden*, 175 F.4th 61 (2nd Cir. 2026).
[6] [Doc. No. 1, p. 6].

2026) (en banc). Since Petitioner has not established likelihood of success on the merits of his claims, this Court does not need to consider the other TRO factors.

Petitioner also asks for "an expedited hearing on his Motion for Temporary Restraining Order."[7] Applying a straightforward reading of Petitioner's request, the Motion is now moot, given the Court's prompt adjudication of the request for a TRO. Given the Petitioner's status as a *pro se* litigant, the Court construes Petitioner's memorandum to ask for an expedited briefing schedule for his underlying habeas petition. The Court also rejects this request, finding its ordinary briefing timeline appropriate in this case. Petitioner's remaining claims in his habeas petition will be addressed after briefing has concluded.

## IV. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Xidi Lin's Motion for Temporary Restraining Order [Doc. No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that Xidi Lin's Motion for Expedited Hearing and Briefing [Doc. No. 3] is **DENIED**.

MONROE, LOUISIANA, this 16th day of November, 2026.

Terry A. Doughty
United States District Judge

[7] [Doc. No. 3, p. 1].